UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 2:11-0511 |
| | ) | |
| v. | ) | 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 641 |
| | ) | 18 U.S.C. § 666(a)(1)(A) |
| JIAN-YUN DONG | ) | 18 U.S.C. § 1343 |
| a/k/a John Dong | ) | 18 U.S.C. § 981(a)(1)(C) |
| GENPHAR, INC. | ) | 18 U.S.C. § 982(a)(1) |
| VAXIMA, INC. | ) | 28 U.S.C. § 2461(c) |

## SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### INTRODUCTION

At all times relevant to this Superseding Indictment:

1. Defendant **GENPHAR, INC**. is a Delaware Corporation with its principal place of business in Mt. Pleasant, South Carolina. GenPhar, Inc. conducts business in the State of South Carolina by and through its officers, employees, agents and representatives. The primary office of GenPhar, Inc. is located at 600 Seacoast Parkway, Mt. Pleasant, South Carolina.

2. Defendant **GENPHAR, INC**. held itself out as being engaged in the business of conducting scientific research for the purpose of developing vaccines for diseases such as dengue fever, ebola virus, Marburg virus, and HIV.

3. Defendant **GENPHAR, INC**. was a recipient of multiple federal grants from various federal agencies, including the United States Army Medical Research Acquisition Activity (USAMRAA); the National Institutes of Health (NIH); and the Naval Medical Research Center (NMRC).

4. Beginning in or about August 2004, Defendant **JIAN-YUN DONG**, a/k/a John Dong, was the President, Chief Executive Officer, a major shareholder, and a member of the Board of Directors of GenPhar Inc. Defendant **JIAN-YUN DONG**, a/k/a John Dong was also a Professor at the Medical University of South Carolina (MUSC) and also submitted federal grant applications through MUSC.

5. Person A was the Vice President of Research and Development, a major shareholder, and a member of the Board of Directors of GenPhar, Inc.

6. Defendant **VAXIMA, INC.** is a South Carolina corporation with its principal place of business in Mt. Pleasant, South Carolina, and doing business in the State of South Carolina, by and through its officers, employees, agents and representatives. Defendant **JIAN-YUN DONG,** a/k/a John Dong, is the 100% owner of Defendant **VAXIMA, INC.** Defendant **VAXIMA, INC.'s** primary place of business is located at 600 Seacoast Parkway, Mt. Pleasant, South Carolina.

## COUNT 1

## THE CONSPIRACY

1. The Grand Jury realleges and incorporates by reference all of the paragraphs contained in the Introduction of this Superseding Indictment.

2. Beginning in or about August 2004 and continuing until in or about April of 2011, in the District of South Carolina and elsewhere, Defendants **JIAN-YUN DONG,** a/k/a John Dong, **GENPHAR, INC., VAXIMA, INC.**, Person A, and persons known and unknown to the grand jury, knowingly and willfully did combine, conspire, confederate, and agree to commit the following violations:

a. To knowingly make and present, and caused to be made and presented, to the United States Army Medical Research Acquisition Activity (USAMRAA); the National Institutes of Health (NIH), Rockville, Maryland; and the Naval Medical Research Center (NMRC) administered through the Department of the Interior (DOI), Minerals Management Service/GovWorks, claims to the United States for payment, in the form of requests for federal grant funds, then knowing each such claim to be false, fictitious, and fraudulent, in violation of Title 18, United States Code, Section 287;

b. To knowingly and willfully embezzle, steal, purloin and convert to their own use funds belonging to the United States Army Medical Research Acquisition Activity (USAMRAA); the National Institutes of Health (NIH),

Rockville, Maryland; and the Naval Medical Research Center (NMRC) administered through the Department of the Interior (DOI), Minerals Management Service/GovWorks, agencies of the United States, of a value exceeding $1,000.00, in violation of Title 18, United States Code, Section 641;

c. To knowingly convert property worth at least five thousand dollars ($5,000.00) from GenPhar, Inc., which received benefits in excess of ten thousand dollars ($10,000.00) under numerous federal programs in a calendar year, in violation of Title 18, United States Code, Section 666;

d. To use and cause the use of interstate wire communications in furtherance and execution of a scheme to defraud the United States and to obtain money and property by means of false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Section 1343; and

e. To make material false statements to federal agencies, in violation of Title 18, United States Code, Section 1001.

3. It was a goal of the conspiracy that the Defendants would obtain federal grant monies by means of materially false and fraudulent pretenses, representations, promises, and material omissions.

## MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that the Defendants did and caused to be done the following:

1. Beginning in or about August 2004, and continuing until in or about April of 2011, Defendant **JIAN-YUN DONG,** a/k/a John Dong, and Person A operated, managed, and controlled Defendant **GENPHAR, INC.**.

2. Defendant **JIAN-YUN DONG,** a/k/a John Dong, Defendant **GENPHAR, INC.**, and Person A submitted grant applications, grant progress submissions, and cash transaction reports containing false representations to obtain federal grant monies.

3. After receiving federal grant monies for specific purposes, subsequent grant progress reports were submitted and caused to be submitted to the United States by Defendants **JIAN-YUN DONG,** a/k/a John Dong, **GENPHAR, INC.**, and Person A in which false certifications were made that grant monies were being used and were going to be used for specific allowable purposes.

4. Defendant **VAXIMA, INC.** was used by Defendants **JIAN-YUN DONG,** a/k/a John Dong, and **GENPHAR, INC.** to assist in the diversion of federal grant monies for unauthorized and fraudulent purposes.

5. Defendant **JIAN-YUN DONG,** a/k/a John Dong, Defendant **GENPHAR, INC.**, and Person A paid for construction costs with federal grant monies, even

though by the terms of the grants awarded to Defendant **GENPHAR, INC.**, the Defendants knew such costs were unallowable.

6. Defendant **JIAN-YUN DONG,** a/k/a John Dong, and Person A paid for lobbying expenses with federal grant monies even though by the terms of the grants awarded to Defendant **GENPHAR, INC.**, Defendants knew such costs were unallowable.

7. Defendant **JIAN-YUN DONG,** a/k/a John Dong, and Person A paid for travel and personal expenses with federal grant monies even though by the terms of the grants awarded to Defendant **GENPHAR, INC.**, Defendants knew such costs were unallowable.

8. Defendant **GENPHAR, INC,** acting through Defendant **JIAN-YUN DONG,** a/k/a John Dong and Person A directed employees to falsify timesheets and make materially false representations on timesheets to support requests for federal grant monies.

9. Defendant **JIAN-YUN DONG,** a/k/a John Dong as aided and abetted by Defendant **VAXIMA, Inc.** attempted to hide and conceal Defendant **DONG's** ownership interests in Defendant **VAXIMA, INC.** from MUSC and the NIH.

10. Defendant **JIAN-YUN DONG**, a/k/a John Dong, as aided and abetted by Person A, attempted to increase the amount of federal grant money that flowed to them individually, by various means, including attempting to artificially increase Person A's salary while hiding the actual amount of federal grant money received by

Defendant **JIAN-YUN DONG** a/k/a John Dong from MUSC.

**OVERT ACTS**

In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others, were committed in the District of South Carolina and elsewhere:

1. On or about October 12, 2005, Defendant **JIAN-YUN DONG,** a/k/a John Dong, Defendant **GENPHAR, INC.** and Person A, submitted the Marburg Grant Application to the NIH. The application proposed research in the Preclinical Evaluation of a Trivalent Marburg Vaccine. The stated project period was from 09/30/2006 to 08/31/2010. The Defendant **JIAN-YUN DONG,** a/k/a John Dong, and Person A caused Defendant **GENPHAR, INC** to receive $4,238,466 in grant monies over the project period for this grant.

2. On or about January 25, 2005 through in or about 2011, the Defendant **VAXIMA, INC.** entered into a lease agreement with Defendant **GENPHAR, INC.** Pursuant to the lease agreement, **VAXIMA, INC.** thereafter paid $5,600 per month in rent to Defendant **GENPHAR, INC**.

3. In or about October 2005, through in or about 2009, the Defendant **JIAN-YUN DONG,** a/k/a John Dong, Defendant **GENPHAR, INC.** and Person A, submitted Progress Reports to the NIH. The following Progress Reports were submitted on the dates as set forth below:

| | **Budget Period Covered** | **Date Progress Report Submitted** |
|---|---|---|
| 3a | 9/1/2007 through 8/31/2008 | 6/25/2007 |
| 3b | 9/1/2008 through 8/31/2009 | 6/30/2008 |
| 3c | 9/1/2009 through 8/31/2010 | 6/29/2009 |

4. In or about October 2005 through in or about 2009, the Defendant **JIAN-YUN DONG**, a/k/a John Dong, Defendant **GENPHAR, INC.** and Person A, submitted Requests for Payments to the NIH which requested drawdowns of federal grant monies to Defendant **GENPHAR, INC**. The following Requests for Payments were submitted on the dates as set forth below and resulted in the below payments being made to Defendant **GENPHAR, INC.**:

| | **Date of Drawdown** | **Amount of Requested Drawdown** |
|---|---|---|
| 4a | 3/7/2007 | $37,320.88 |
| 4b | 3/27/2007 | $42,764.37 |
| 4c | 4/16/2007 | $45,678.18 |
| 4d | 6/5/2007 | $269,349.53 |
| 4e | 8/13/2007 | $49,623.66 |
| 4f | 9/24/2007 | $299,925.27 |
| 4g | 12/14/2007 | $232,381.43 |
| 4h | 4/1/2008 | $138,519.06 |
| 4i | 7/2/2008 | $58,329.01 |
| 4j | 7/24/2008 | $214,472.00 |
| 4k | 8/19/2008 | $233,900.00 |
| 4l | 9/9/2008 | $228,184.00 |
| 4m | 9/15/2008 | $220,200.50 |
| 4n | 10/31/2008 | $83,000.00 |
| 4o | 11/7/2008 | $156,852.26 |
| 4p | 11/20/2008 | $117,000.00 |

| | | |
|---|---|---|
| 4q | | |
| 4r | 4/1/2009 | $250,000.00 |
| 4s | 5/6/2009 | $211,773.29 |
| 4t | 5/19/2009 | $106,852.00 |
| 4u | 5/29/2009 | $100,000.00 |
| 4v | 6/12/2009 | $100,000.00 |
| 4w | 7/2/2009 | $125,000.00 |
| 4x | 10/19/2009 | $52,000.00 |
| 4y | 11/2/2009 | $150,000.00 |
| 4z | 11/19/2009 | $100,000.00 |
| 4aa | 12/1/2009 | $200,000.00 |
| 4bb | 2/2/2010 | $185,000.00 |
| 4cc | 2/22/2010 | $230,000.00 |
| 4dd | 3/23/2010 | $150,000.00 |
| 4ee | 4/13/2010 | $134,078.56 |
| 4ff | 4/21/2010 | $75,000.00 |
| 4gg | 6/29/2010 | $75,000.00 |

5. In or about October 2005, through in or about 2009, the Defendant **JIAN-YUN DONG**, a/k/a John Dong, Defendant **GENPHAR, INC.** and Person A, submitted Federal Cash Transaction Reports ("CTR") known as "SF 272s" to the NIH which purportedly reconciled the disbursements of federal grant monies made to Defendant **GENPHAR, INC** Defendant **JIAN-YUN DONG**, a/k/a John Dong, Defendant **GENPHAR, INC** and Person A caused false certifications to be made on these CTRs, falsely certifying that all disbursements were made for the purposes and conditions of the grant. The following CTRs submitted on the dates as set forth below contained a false certification and resulted in the below payments being made to Defendant **GENPHAR, INC.**:

| | Time Period Covered | Amount | Date(s) CTR Submitted |
|---|---|---|---|
| 5a | 1/1/2007 to 3/31/2007 | $80,085.25 | 6/1/2007 |
| 5b | 4/1/2007 to 6/30/2007 | $315,027.71 | 7/6/2007 |
| 5c | 7/1/2007 to 9/30/2007 | $349,548.93 | 10/10/2007 |
| 5d | 10/1/07 to 12/31/2007 | $232, 381.43 | 2/5/2008 |
| 5e | 1/1/08 to 3/31/2008 | $138,519.06 | 7/8/2008 |
| 5f | 7/1/2008 to 9/30/2008 | $955,085.51 | 10/8/2008 |
| 5g | 10/1/2008 to 12/31/2008 | $356,852.26 | 1/22/2009 |
| 5h | 4/1/2009 to 6/30/2009 | $768, 625.29 | |
| 5i | 7/1/2009 to 9/30/2009 | $125,000 | 10/14/2009 |

6. On or about August 19, 2008, the Defendant **JIAN-YUN DONG**, a/k/a John Dong, Defendant **GENPHAR, INC.,** and Person A, submitted a Request for Payment for reimbursement on the purchase of a 200L Wave Bioreactor and FPLC Machine when in fact no such equipment had been purchased.

7. On or about December 17, 2008, Defendant **JIAN-YUN DONG**, a/k/a John Dong, as aided and abetted by Defendant **VAXIMA, Inc**. submitted a MUSC proposal data sheet in support of an application for a NIH grant, said proposal sheet falsely concealing **DONG's** ownership interest in **VAXIMA, Inc.**

All in violation of Title 18, United States Code, Section 371.

COUNTS 2-10

THEFT OF GOVERNMENT PROPERTY

THE GRAND JURY FURTHER CHARGES:

1. The Grand Jury realleges and incorporates by reference all of the paragraphs contained in the Introduction and Count One of this Superseding Indictment.

2. Between in or about August 2004, and in or about April 2011, in the District of South Carolina, the Defendants **JIAN-YUN DONG**, a/k/a John Dong, **GENPHAR, INC.** and **VAXIMA, INC.**, as principals, aiders and abettors and as co-participants in jointly-undertaken criminal activity knowingly and willfully did embezzle, steal, purloin and convert to their own use over $1,000 belonging to the United States, by submitting Federal Cash Transaction Reports ("CTR") known as "SF 272s" to the NIH which falsely certified that all disbursements were made for the purposes and conditions of the grant in order to receive federal grant monies as set forth below:

| Count | Time Period Covered | Amount | Date CTR Submitted |
|---|---|---|---|
| 2 | 1/1/2007 to 3/31/2007 | $80,085.25 | 6/1/2007 |
| 3 | 4/1/2007 to 6/30/2007 | $315,027.71 | 7/6/2007 |
| 4 | 7/1/2007 to 9/30/2007 | $349,548.93 | 10/10/2007 |
| 5 | 10/1/07 to 12/31/2007 | $232, 381.43 | 2/5/2008 |
| 6 | 1/1/08 to 3/31/2008 | 138,519.06 | 7/8/2008 |
| 7 | 7/1/2008 to 9/30/2008 | $955,085.51 | 10/8/2008 |
| 8 | 10/1/2008 to 12/31/2008 | $356,852.26 | 1/22/2009 |
| 9 | 4/1/2009 to 6/30/2009 | $768, 625.29 | |
| 10 | 7/1/2009 to 9/30/2009 | $125,000 | 10/14/2009 |

In violation of Title 18, United States Code, Sections 641 and 2.

## COUNT 11

## THEFT FROM ORGANIZATION RECEIVING FEDERAL FUNDS

THE GRAND JURY FURTHER CHARGES:

1. The charges contained in Counts 1 through 10 of this Superseding Indictment are hereby realleged and incorporated as if fully set forth herein.

2. That from on or about January 1, 2007, until on or about December 31, 2007, in the District of South Carolina, the Defendant **JIAN-YUN DONG**, a/k/a John Dong, an agent of Genphar, Inc, said entity receiving in the above one-year period benefits in excess of ten thousand dollars ($10,000.00) under numerous federal programs from the United States Army Medical Research Acquisition Activity (USAMRAA); the National Institutes of Health (NIH); and the Naval Medical Research Center (NMRC); as a principal, aider and abettor and as a co-participant in jointly-undertaken criminal activity, embezzled, stole, obtained by fraud and without authority, knowingly converted to the use of a person not the rightful owner, property worth at least five thousand dollars ($5,000.00) which was owned by, under the care, custody, and control of Genphar, Inc.;

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

## COUNT 12

## THEFT FROM ORGANIZATION RECEIVING FEDERAL FUNDS

THE GRAND JURY FURTHER CHARGES:

1. The Grand Jury realleges and incorporates by reference all of the paragraphs contained in the Introduction and Counts 1 through 11 of this Superseding Indictment.

2. That from on or about January 1, 2008, until on or about December 31, 2008, in the District of South Carolina, the Defendants **JIAN-YUN DONG**, a/k/a John Dong, an agent of Genphar, Inc., said entity receiving in the above one-year period, benefits in excess of ten thousand dollars ($10,000.00) under numerous federal programs from the United States Army Medical Research Acquisition Activity (USAMRAA); the National Institutes of Health (NIH); and the Naval Medical Research Center (NMRC); as a principal, aider and abettor and as a co-participant in jointly-undertaken criminal activity embezzled, stole, obtained by fraud and without authority, knowingly converted to the use of a person not the rightful owner, property worth at least five thousand dollars ($5,000.00) which was owned by, under the care, custody, and control of Genphar, Inc.;

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

COUNT 13

THEFT FROM ORGANIZATION RECEIVING FEDERAL FUNDS

THE GRAND JURY FURTHER CHARGES:

1. The Grand Jury realleges and incorporates by reference all of the paragraphs contained in the Introduction and Counts 1 through 12 of this Superseding Indictment.

2. That from on or about January 1, 2009, until on or about December 31, 2009, in the District of South Carolina, the Defendant **JIAN-YUN DONG**, a/k/a John Dong, being an agent of Genphar, Inc., said entity receiving in the above one-year period, benefits in excess of ten thousand dollars ($10,000.00) under numerous federal programs from the United States Army Medical Research Acquisition Activity (USAMRAA); the National Institutes of Health (NIH); and the Naval Medical Research Center (NMRC), as a principal, aider and abettor and as a co-participant in jointly-undertaken criminal activity embezzled, stole, obtained by fraud and without authority, knowingly converted to the use of a person not the rightful owner, property worth at least five thousand dollars ($5,000.00) which was owned by, under the care, custody, and control of GenPhar, Inc.;

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

## COUNTS 14-36

## WIRE FRAUD

THE GRAND JURY FURTHER CHARGES:

1. The Grand Jury realleges and incorporates by reference the Introduction and the Overt Acts contained in Count One of this Superseding Indictment.

2. On or about the dates as set forth below, in the District of South Carolina and elsewhere, Defendants **JIAN-YUN DONG**, a/k/a John Dong, **GENPHAR, INC., VAXIMA, INC**, as principals, aiders and abettors and as co-participants, for the purpose of executing the above described scheme to defraud, knowingly transmitted and caused to be transmitted federal grant monies in interstate commerce by means of wire communications from Rockville, Maryland to Mt. Pleasant, South Carolina, as set forth below:

| Count | Date of Drawdown | Amount Transmitted |
|---|---|---|
| 14 | 3/7/2007 | $37,320.88 |
| 15 | 3/27/2007 | $42,764.37 |
| 16 | 4/16/2007 | $45,678.18 |
| 17 | 6/5/2007 | $269,349.53 |
| 18 | 8/13/2007 | $49,623.66 |
| 19 | 9/24/2007 | $299,925.27 |
| 20 | 12/14/2007 | $232,381.43 |
| 21 | 4/1/2008 | $138,519.06 |
| 22 | 7/2/2008 | $58,329.01 |
| 23 | 7/24/2008 | $214,472.00 |
| 24 | 8/19/2008 | $233,900.00 |
| 25 | 9/9/2008 | $228,184.00 |
| 26 | 9/15/2008 | $220,200.50 |

| | | |
|---|---|---|
| 27 | 10/31/2008 | $83,000.00 |
| 28 | 11/7/2008 | $156,852.26 |
| 29 | 11/20/2008 | $117,000.00 |
| 30 | 4/1/2009 | $250,000.00 |
| 31 | 5/6/2009 | $211,773.29 |
| 32 | 5/19/2009 | $106,852.00 |
| 33 | 5/29/2009 | $100,000.00 |
| 34 | 6/12/2009 | $100,000.00 |
| 35 | 7/2/2009 | $125,000.00 |
| 36 | 10/19/2009 | $52,000.00 |

In violation of Title 18, United States Code, Sections 1343 and 2.

FORFEITURE

1. SPECIFIED UNLAWFUL ACTIVITIES:

Upon conviction for one or more violations of Title 18, United States Code, Sections 371 (Conspiracy), 641 (Theft of Government Property), 666 (Theft From an Organization Receiving Federal Funds); and 1343 (Wire Fraud), as charged in this Indictment, the Defendants, **JIAN-YUN DONG,** a/k/a John Dong, **GENPHAR, INC.,** and **VAXIMA, INC**., shall forfeit to the United States any property, real or personal, which constitutes or is derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violations and any property traceable to such property.

2. PROPERTY:

Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c), the property which is subject to forfeiture upon conviction of the Defendants, **JIAN-YUN DONG**, a/k/a John Dong, **GENPHAR INC.,** and **VAXIMA, INC**., for the violations charged in this Superseding Indictment includes, but is not limited to, the following:

(A) Cash Proceeds / Personal Money Judgment:
A sum of money equal to all proceeds the Defendants obtained directly or indirectly as the result of the offenses charged in this Superseding Indictment, or traceable to such property, that is, a minimum of $3,622,849.14 in United States currency, for which the Defendants are jointly and severally liable;

(B) Real Property:

All right, title and interest of the Defendants, **JIAN-YUN DONG**, a/k/a John Dong, **GENPHAR, INC** and **VAXIMA, INC.**, in and to certain real property, together with all improvements thereon, and with all rights and easements appertaining, being more fully described as follows:

1. S. Morgan Point Road
   Mount Pleasant, SC 29466
   Sub-Division: Christ Church Parish

All that certain piece, parcel or tract of land with any and all improvements thereon, situate, lying and being in Christ Church Parish, Town of Mount Pleasant, Charleston County, South Carolina and containing 2.595 Acres, and designated as Parcel B, and shown on that certain Plat prepared by Atlantic Coast Land Surveying entitled "Subdivision, Recommendation and Property Line Adjustment Plat Showing A New 6.000 Acre "Parcel A" Prepared for University Medical Associates of the Medical University of South Carolina and Oakland Properties, LLC, Created from a 0.128 Acre Parcel With TMS #600-00-00-056, A 0.260 Acre Portion of a Parcel With TMS#600-00-00-055, A 0.749 Acre Portion of a Parcel with TMS #600-00-00-057 and A 4.863 Acre Portion of a Parcel with TMS # 600-00-00-047 and a New 2.595 Acre "Parcel B" Created From the Remaining Parcel With TMS # 600-00-00-057 and A 0.804 Acre Portion of a Parcel with TMS # 600-00-00-047" dated April 29, 2008, last revised June 17, 2008, and recorded in Plat Book L08 at Page 0162 in the RMC Office for Charleston County, South Carolina.

BUTTING, BOUNDING, MEASURING AND CONTAINING as by reference to said plat will more fully appear.

Being the same property conveyed to the Mortgagor herein by deed of Oakland Properties, LLC., dated March 28, 2007 and recorded in Book S627, page 692 in the RMC Office for Charleston County.

TMS #600-00-00-056

(C) Bank Accounts/ Investment Accounts:
All right, title and interest of the Defendants, **JIAN-YUN DONG**, a/k/a John Dong, **GENPHAR, INC** and **VAXIMA, INC**., in and to the following accounts:

1. Oppenheimer Funds (OIBBX)
RPSS Tr Simple IRA
Acct: xxxxx xxxxxx8137
Registered to: Genphar Inc FBO Jiayun Dong

2. Nationwide Retirement Plans
Optional Retirement Programs for EES 030-00261
Collegiate Capital Management
Plan # 030-00261
Acct: xxx-xx-0403
Registered to: Jian-Yun Dong

3. South Carolina Deferred Compensation Program
State of SC Salary Deferral 401(k) Plan & Trust
Plan: 98965-01
Acct: xxx-xx-0403
Registered to: Jianyun Dong

4. TIAA CREF
Medical University of SC Optional Retirement Program
Registered to: Jianyun Dong
Acct #s: TIAA F001525-2; TIAA 3506411-2; CREF H001525-8

5. Tidelands Bank
Mt. Pleasant, SC 29465
Savings Acct: xxxxx0335
Registered to: Danher Wang & Jian Yun Dong

6. Tidelands Bank
Joint Checking Account
Acct: DDAxxxx01779
Registered to: Danher Wang, John Dong

7. Tidelands Bank

Acct: DDAxxxxx03882
Registered to: John Dong

3 . <u>SUBSTITUTE ASSETS</u>:

If any of the property described above as being subject to forfeiture to the United States, as a result of any act or omission of the Defendants,

(1) Cannot be located upon the exercise of due diligence;

(2) Has been transferred or sold to, or deposited with a third party;

(3) Has been placed beyond the jurisdiction of the Court;

(4) Has been substantially diminished in value; or

(5) Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Sections 982(b)(1), [incorporating Title 21, United States Code, Section 853(p)], to seek forfeiture of any other property of the said Defendants up to the value of the above forfeitable property, including but not limited to the following property:

A. <u>Real Property</u>:
All right, title and interest of the Defendants, **JIAN-YUN DONG**, a/k/a John Dong, **GENPHAR, INC.,** and **VAXIMA, INC**., in and to certain real property, together with all improvements thereon, and with all rights and easements appertaining, being more fully described as follows:

(1) 4201 Victory Pointe Lane
Mount Pleasant, SC 29466
Lot 4201, Tract 12

All that piece, parcel or lot of land, lying and being in the Town of Mt. Pleasant, Charleston County, South Carolina, together

with any improvements thereon, and being shown and designated as Lot 4201, 16,434 sq.ft. Victory Pointe Drive on a plat prepared by SouthStar Surveying entitled, "A FINAL SUBDIVISION PLAT OF 'THE BLUFF' AT CHARLESTON NATIONAL TRACT 12 CHARLESTON NATIONAL COUNTRY CLUB TOWN OF MOUNT PLEASANT, CHARLESTON, SOUTH CAROLINA" dated November 15, 1995, revised July 16, 1996, recorded in Plat Book EB at Page 379 in the R.M.C. Office for Charleston County, South Carolina.

Said lot having such size, shape and dimensions, buttings and boundings as will by reference to the said plat more fully appear.

Said property is conveyed subject to the following:

1. Easement to Southern Bell Telephone & Telegraph Company, dated March 22, 1984, recorded October 22, 1985 in Book B-149 at page 340 in the RMC Office for Charleston County, South Carolina.

2. Easement to South Carolina Power Company dated March 4, 1937, recorded in Book V-39, page 57 in the RMC Office for Charleston County, South Carolina.

3. Easement to South Carolina Power Company dated August 20, 1937, recorded in Book F-37, page 726 in the RMC Office for Charleston County, South Carolina.

4. Easement dated November 3, 1989 from Charleston National Country Club, a SC Partnership to South Carolina Electric and Gas Company in Book X-189 at page 404 in the RMC Office for Charleston County, South Carolina.

5. Agreement between Bulls Bay Rural Community Water District, Oyster Bay Utilities, Inc. and Lifetime Homes of South Carolina, Inc. dated July 31, 1086 and recorded April 21, 1987 in Book F-164 at page 637 in the RMC Office for Charleston County, South Carolina.

6. Subject to the authority of the S.C. Coastal Council in "Critical Areas" as defined in Code of Law of South Carolina, 1976, as amended, Section 48-39-10, et. seq. and rules and regulations promulgated to said Act.

7. Jurisdiction of the U.S. Corps of Engineers with respect to any portion of the property which may constitute wetlands or marshlands or navigable waters.

8. Declarations of Covenants, Conditions, and Restrictions for Charleston National Set forth by East Cooper Golf Co, Inc. Applying to Tracts D & E and Lots 33-39 dated November 13, 1992 and recorded November 23, 1992 in Book R-220 at page 629 in the RMC Office of Charleston County, South Carolina as made applicable to this lot by agreement entitled "Subjection of Lots to Declaration of Covenants, Conditions and Restrictions of Charleston National Properties, LLC." dated September 29, 1995 in Book L 260 at page 581 in the RMC Office for Charleston County, South Carolina.

9. By-Laws Charleston National dated January 14, 1993 and recorded on January 21, 1993 in Book W-222 at page 34 in the RMC Office of Charleston County, South Carolina as made applicable to this lot by agreement entitled "Subjection of Lots to Declaration of Covenants, Conditions and Restrictions of Charleston National Properties, LLC." dated September 29, 1995, recorded September 29,1995 in Book L 260 at page 581 in the RMC Office for Charleston County, South Carolina.

10. Declarations of Covenants, Conditions, and Restrictions Victory Point, Waterfront Lots, dated October 3, 1995, recorded October 11, 1995, in Book X 260 at page 349 in the RMC Office for Charleston County, South Carolina.

11. Declarations of Covenants, Conditions, and Restrictions Victory Point dated September 29, 1995, recorded September 29, 1995 in Book L 260 at page 544 in the RMC Office for Charleston County, South Carolina.

Being the same property conveyed to the Grantor herein by Deed of Theodore M. Solso and Denise L. Solso on August 21, 2000 and recorded in the in the RMC Office for Charleston County, South Carolina at Book M353 page 543 on August 22, 2000.

Lot: 4201
Tax Parcel Number: 599-08-00-017

(2) 441 Lake Moultrie Drive
Bonneau, SC 294691
Berkley County, SC

All that certain lot, piece or parcel of land, known and designated as Lot 2, Section IV, on a plat of Lake Moultrie Shores Subdivision,dated March 23, 1965, recorded in Plat Book 0, at page 176, Clerk of Courts Office for Berkeley County (a/k/a ROD Office for Berkeley County; said lot having such buttings and boundings, measurements and dimensions as are shown on said plat.

AND also the assumption of that lease from South Carolina Public Service Authority, dated April 20, 1979

Subject to those Restrictions outlined in the Deed from Lake Moultrie Shores, Inc. To Edwards A. Riley and Katherine Riley recorded in Book A295, at page 175,k and those Restrictive Covenants recorded in Book C113, at Page 108; Book C114, at Page 54; and Book C115, at Page 137.

Being same property conveyed to the Granters herein by deed of Edwards A. Riley, Jr. dated July 5, 3003 and recorded in Book 2819 Page 84 in the RMC Office for Berkeley County

Tax Map Number: 057-01-04-004

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

WILLIAM N. NETTLES (MCM & DBB)
UNITED STATES ATTORNEY