IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 2:11-cr-00511-BHH |
| v. | |
| **JIAN-YUN DONG a/k/a JOHN DONG** | |

ORDER FOR RESTITUTION IN LIEU OF FORFEITURE AND ORDER DENYING
DEFENDANT DONG'S MOTION FOR RELEASE OF ASSETS

This matter came before the Court on September 22 for a status conference and hearing on Defendant's motion to dismiss (ECF No. 1040) and the government's motion for an order providing for restitution in lieu of forfeiture (ECF No. 1043). This case has been pending in the appellate and district courts for years, and the Court incorporates by reference its previously entered orders and the factual findings contained in those orders.

In October 2017, Defendant Jian-Yun Dong a/k/a John Dong ("Dong") was sentenced after a bench trial of conspiracy to defraud the United States in violation of 18 U.S.C. § 371; theft of government property in violation of 18 U.S.C. § 641; and twenty-two counts of wire fraud in violation of 18 U.S.C. § 1343. This Court sentenced Dong to 70 months' imprisonment and imposed a forfeiture judgement of $3,211,599.38 and a restitution judgement of the same amount. (ECF No. 936.) The judgment and conviction commands that the restitution order is due and payable immediately. Dong appealed his conviction and sentence.

On February 28, 2022, the Fourth Circuit affirmed Dong's conviction but remanded the forfeiture order for consideration of the Supreme Court's decision in *Honeycutt v. United States*, 137 S.Ct. 1626 (2017). *Dong v. United States*, 2022 WL 595143 (4th Cir. 2022). The Fourth Circuit held that the judgment was based upon a theory of joint and several liability but that the

record was unclear as to Dong's ownership interest in the corporate co-defendants, thus leaving the Fourth Circuit unable to affirm the forfeiture based upon a dominion and control theory. *Id*. The Fourth Circuit questioned whether it would affirm the forfeiture judgment based upon a theory of Dong's dominion and control over the corporate co-defendants, or whether it would follow the Third and Ninth Circuits who have determined that *Honeycutt* forbids all joint and several liability in forfeiture judgments, regardless of the statute under which they are imposed. *Id*. To make that additional inquiry, however, the Fourth Circuit first needed a determination from the District Court as to Dong's ownership interest in his corporate co-defendants. *Id*.

Recognizing that the payment of restitution is paramount to any forfeiture, the United States has moved to dismiss the forfeiture as to Dong's personal assets described in Attachment A of its motion and instead has requested that the Court apply those funds to the restitution order pending against Dong, explaining that neither the *Honeycutt* decision nor the Fourth Circuit's remand require the same calculation as to Defendant's restitution judgment, and Dong's restitution judgment remains intact and joint and several with the corporate codefendants.

Pursuant to 18 U.S.C. §3664(m)(1)(A), this Court has the authority to enforce a restitution order by all available and reasonable means. Where the United States agrees to the release of forfeitable assets for the payment of restitution, this Court finds such an action to be a reasonable means of enforcing its restitution order. By virtue of Dong's motion, this Court finds that Dong has a property interest in the assets identified in Attachment A and as such those assets should be applied to the outstanding restitution balance.

**Accordingly, having found that the application of these personal assets to the pending restitution order is reasonable, this Court hereby denies Defendant Dong's motion for the**

release of these same funds (ECF No. 1040) and grants the government's motion to apply to restitution in lieu of forfeiture (ECF No. 1043).

IT IS HEREBY ORDERED that the United States is authorized and directed to transfer the property identified below into an account maintained by the Clerk, U.S. District Court as follows:

| BANK ACCOUNTS/ INVESTMENT ACCOUNTS | Account Number | Asset ID | Balance as of 8/26/22 |
|---|---|---|---|
| Oppenheimer Fund/Taken over by INVESCO and consolidated into 2 accounts | | | $94,998.26 |
| | xxxxx9413 | 16-DCI-000010 | |
| | xxxxx8897 | 16-DCI-000011 | |
| | xxxxx2201 | 16-DCI-000012 | |
| | xxxxx0915 | 16-DCI-000013 | |
| | xxxxx1221 | 16-DCI-000014 | |
| | xxxxx9970 | 16-DCI-000015 | |
| | xxxxx7003 | 16-DCI-000016 | |
| | xxxxx8704 | 16-DCI-000254 | |
| | xxxxx7655 | 16-DCI-000255 | |
| | xxxxx1667 | 16-DCI-000256 | |
| | xxxxx3904 | 16-DCI-000257 | |
| | xxxxx2643 | 16-DCI-000258 | |
| | xxxxx7542 | 16-DCI-000259 | |
| | xxxxx4378 | 16-DCI-000260 | |
| | | | |
| S.C. Deferred Compensation Plan/State of S.C. Deferral 401(k) Plan & Trust-Plan | xxxxx965-01 | 12-DEF-000006 | $216,427.66 |
| | | | |
| TIAA CREF-MUSC Retirement Program | | | |
| | TIAA RC Traditional Account #: xxx1525-2 | 12-DEF-000007 | $143,383.36 |
| | | 12-DEF-000007 | $7,824.08 |

|  | CREF RC Account #: xxx1525-8 |  |  |
|---|---|---|---|
|  | TIAA GRA Traditional Account #: xxx6411-2 | 12-DEF-000007 | $76,188.73 |
| SunTrust Account/Now TRUIST Bank | xxxxx7819 | 17-DCI-000019 |  |
| SunTrust Account/Now TRUIST Bank | xxxxx7827 | 17-DCI-000020 |  |

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

_____
BRUCE H. HENDRICKS
UNITED STATES DISTRICT JUDGE

September 22, 2022
Charleston, South Carolina